IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **Thomas Fowler** \* | |
| 912 Powhatan Blvd. | |
| Salisbury, MD 21801 \* | |
| **Plaintiff** \* | |
| v. \* | Case No. _____ |
| **Tenth Planet, Inc.** | |
| 104 Pitts Street \* | |
| Berlin, Maryland 21811 | |
| \* | |
| **Justine Zegna** | |
| 104 Pitts Street \* | |
| Berlin, Maryland 21811 | |
| \* | |
| **Defendants.** | |
| _____/ | |

## COMPLAINT

Plaintiff Thomas Fowler, by and through undersigned counsel, states a complaint against Tenth Planet, Inc. (d/b/a Blacksmith Bar & Restaurant) and Justine Zegna, (collectively, the "Defendants"), pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and further allege supplemental state law claims under the Maryland's Wage and Hour Law, Md. Code Ann., Lab. & Empl. 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. 3-501 *et seq.* ("MWPCL"), and demands a jury trial, as follows:

### Introduction

1. This is an action for unpaid overtime wages, liquidated damages, and other relief provided by the FLSA, 29 U.S.C. § 201 *et seq*., and supplemental state law claims under the MWHL, Md. Code Ann., Lab. & Empl. 3-401 *et seq.*, and the MWPCL, Md. Code Ann., Lab. & Empl. 3-501 *et seq.*

2. Plaintiff seeks, in addition to the actual sums owed, liquidated and statutory damages pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the under the FLSA, MWHL, and MWCPL

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 206, 29 U.S.C. § 207, and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants do business within this judicial district and the events giving rise to these claims occurred in this judicial district.

## Parties

6. Defendant Tenth Planet, Inc. ("Tenth Planet") is a corporation formed in the State of Delaware and registered in the State of Maryland to engage in the operation of a restaurant and related activities.

7. Defendant Justine Zegna ("Zegna"), owns and operates Tenth Planet, which owns and operates Blacksmith Bar & Restaurant located at 104 Pitts St., Berlin, Maryland 21811.

8. At all times material herein, Defendant Tenth Planet had an annual gross volume of sales made or business done in an amount exceeding $500,000.00.

9. At all times material herein, Defendant Tenth Planet has employed at least two or more employees who are engaged in commerce, and who produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were

produced for commerce as a single enterprise under the FLSA.

10. For instance, there are employees of the Defendants who negotiate and purchase food from producers and suppliers who operate in interstate commerce.

11. There are employees who, like Plaintiff, cook, serve, and otherwise handle this food, as well as the beverages, that cross interstate boundaries.

12. There are employees who regularly use wire and electronic means of communicating interstate, who also regularly sell food and beverages that have moved in interstate commerce and who regularly process credit card transactions for customer payments.

13. There are employees who use, in Defendants' restaurant, cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce.

14. Accordingly, subject matter jurisdiction exists because the Plaintiff was employed by Defendant Tenth Planet, a covered entity, satisfying the enterprise coverage provisions under the FLSA.

15. Defendant Tenth Planet also satisfies the coverage provisions of the MWHL.

16. As a covered enterprise, Defendant Tenth Planet has at all material times been an "employer" within the meaning of the FLSA, MWHL, and MWPCL.

17. Defendant Zegna is the owner of Defendant Tenth Planet and all of its restaurants, including Blacksmith Bar & Restaurant.

18. Defendant Zegna has complete operational control of Defendant Tenth Planet. Upon information and belief, Defendant Zegna maintains custody and control of Defendant Tenth Planet's business records and is responsible for maintaining those records, such as payroll records.

19. Additionally, upon information and belief, for all times material to this case, Defendant Zegna was, and continues to be, aware of operational issues throughout the restaurant, and is knowledgeable of Defendant Tenth Planet's past and present employment practices and policies.

20. Upon information and belief, for all times material to this case, Defendant Zegna possessed and continues to possess the authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at Defendant Tenth Planet, including Plaintiff, and possessed the ability to hire employees and have employees terminated.

21. Upon information and belief, Defendant Zegna received and continues to receive income from Defendant Tenth Planet and has been enriched by the failure of the Defendants to properly pay their workers.

22. At all times material herein, Defendant Zegna has been an "employer" within the meaning of the FLSA, MWHL, and MWPCL. Defendant Zegna is jointly and individually liable for damages to the Plaintiff, under the FLSA, MWHL, and MWPCL.

23. As set forth below, Plaintiff seeks unpaid overtime wages in amounts to be determined based on the evidence, as well as liquidated and statutory damages, pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the FLSA, MWHL, and MWCPL.

24. Plaintiff, who received hourly pay, was not exempt under the FLSA and MWHL's overtime requirements.

25. By failing to pay the statutory overtime that was due to Plaintiff, Defendants willfully violated very clear and well-established overtime provisions of the FLSA. In addition

to actual sums owed, Plaintiff seeks liquidated (statutory) damages pursuant to the FLSA, prejudgment interest on all amounts owed under the MWHL, three times the overtime owed under the MWHL pursuant to the statutory damage provisions of the MWHL and MWPCL, and attorneys' fees and costs as provided under the FLSA, the MWHL, and the MWPCL.

## Factual Allegations

26. Plaintiff was employed by the Defendants from or about late April 2019 until November 2020.

27. Plaintiff was hired and worked as a cook.

28. Plaintiff's responsibilities were to cook food and otherwise assist in the kitchen.

29. When Plaintiff was hired, he was promised a pay rate of $20.00/hour.

30. For Plaintiff's first pay period, he was paid at the hourly rate of $20.00/hour.

31. However, during his second pay period beginning May 5, 2019, Plaintiff accumulated 23.85 hours of overtime.

32. Plaintiff was then informed by Defendant Zegna that she would be switching him to a "salary."

33. This was done so that Defendants did not have to pay Plaintiff overtime wages.

34. From May 2019 until about November 2019, Plaintiff was paid $2,500.00 per bi-weekly pay period regardless of the amount of hours Plaintiff worked

35. From May 2019 until about September 2019, Plaintiff was working in excess of 110 hours per bi-weekly pay period, and therefore regularly worked significant overtime hours.

36. Defendants paid Plaintiff approximately the following weekly salaries:

| Pay Period | Weekly Salary | Effective Hourly Rate |
|---|---|---|
| 5/5/2019 | $2,500.00 | $24.07 |
| 5/19/2019 | $2,500.00 | $20.21 |
| 6/2/2019 | $2,500.00 | $21.47 |
| 6/16/2019 | $2,500.00 | $21.94 |
| 6/30/2019 | $2,500.00 | $21.84 |
| 7/14/2019 | $2,500.00 | $21.37 |
| 7/28/2019 | $2,500.00 | $21.65 |
| 8/11/2019 | $2,500.00 | $21.63 |
| 8/25/2019 | $2,500.00 | $21.32 |
| 9/8/2019 | $2,500.00 | $21.01 |
| 9/22/2019 | $2,500.00 | $22.20 |

37. During this period when Plaintiff was paid a "salary," he did not perform any hiring or firing, or otherwise manage or supervise any individuals.

38. Although Plaintiff was paid a salary, he was not exempt from the overtime requirements of the FLSA.

39. On or about October 2019, the busy season ended and Plaintiff was working significantly fewer hours.

40. Starting around November 2019, Defendant Zegna returned Plaintiff to being paid on an hourly basis since Defendants did not have to worry about significant overtime pay, and it was cheaper than his bi-weekly "salary."

41. Even when Plaintiff was switched back to being paid on an hourly basis, on at least one occasion, he was not paid for all overtime hours worked.

42. By failing to properly pay the overtime wages due to Plaintiff, Defendants willfully violated very clear and well-established overtime wage provisions of the FLSA and MWH.

43. Plaintiff is owed approximately $4,262.63 in unpaid wages. Together with statutory penalties, Plaintiff is owed $12,787.89.

## Causes of Action

### COUNT I
### (FLSA – Failure to Pay Overtime)

44. Plaintiff incorporates paragraphs 1-43 as set forth above, and states that Defendants' actions complained of herein constitute a willful violation of Section 207(a)(1) of the FLSA, because Defendants—in the three (3) years preceding the filing of this lawsuit—have willfully failed and otherwise refused to compensate Plaintiff for hours in excess of forty (40) hours in a work week at a rate of not less than one and one-half (1.5) times his regular rate of pay as required by Federal law and Federal regulations and that Plaintiff was entitled to receive as his regular rate of pay with Defendants.

45. As a result, Plaintiff has the legal right to receive the full overtime wage, as required by Section 207 of the FLSA, 29 U.S.C. § 207.

### COUNT II
### (MWHL - Failure to Properly Pay Overtime)

46. Plaintiff incorporates paragraphs 1-45 as set forth above, and states, in addition, that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE Art. § 3-420 (overtime) because Defendants have, at all material times, failed and otherwise refused to compensate Plaintiff for all hours worked in excess of forty (40) hours a work week at a rate of not less than one and one-half (1.5) times his regular rate of pay, as computed under Md. Ann. Code LE Art. § 3-420.

47. Defendants' actions complained of herein constitute a violation of Section 3-415 of the MWHL, because Defendants failed to compensate Plaintiff at a proper overtime rate for hours worked in excess of forty (40) in a work week at a rate not less than one and one-half times his regular rate of pay, as required by Maryland law.

48. As a result, Defendants owe Plaintiff overtime wages in the amount of one and one-half (1.5) times his regular rate of pay, for all work weeks he worked in excess of forty (40) hours per week.

## COUNT III
### (MWPCL Act – Unpaid Wages)

49. Plaintiff incorporates paragraphs 1-48 as set forth above, and state that the actions of Defendants, in refusing to pay wages free and clear that are due without coercion and intimidation, is a violation of the MWPCL, Md. LE Art. § 3-502(a)(ii) and § 3-505(a).

50. That the MWHL further compels each covered employer and non-exempt employee to make, as part of any working agreement, a promise to pay overtime compensation as applicable under the MWHL.

51. That impliedly, by operation of law, Plaintiff was entitled to be paid overtime wages by Defendants under the MWHL, which have not been paid following the cessation of the term of employment for Plaintiff.

52. That there are no bona fide disputes between the parties as to the right of Plaintiff to be paid all overtime due arising from his employment. Defendants know, or should know, that they are covered entities under the MWHL, and that Plaintiff performed work as an employee for which he was not properly compensated.

53. Plaintiff is thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages and attorneys' fees with respect to his wages, i.e. the MWHL-mandated wages that have gone unpaid.

### Prayer

Based on the foregoing allegations, Plaintiff respectfully requests that this Court render judgment as follows:

(a) Order Defendants to pay Plaintiff all unpaid overtime wage payments determined by the Court to be due and owing, under the FLSA, MWHL, and MWPCL, as well as well as a sum of liquidated damages in an amount equal to the amount of any unpaid overtime wage payments awarded to Plaintiff pursuant to the FLSA and MWHL;

(b) Order Defendants to pay the Plaintiff all MWHL-mandated overtime wage payments determined by the Court to be due and owing to Plaintiff as well as treble damages under the MWPCL;

(c) Award Plaintiff his attorneys' fees and costs in pursuing this action;

(d) Award Plaintiff interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(e) Grant Plaintiff any additional relief that the Court deems appropriate and just.

        Respectfully submitted,

/s/ _____

Howard B. Hoffman (Federal Bar No. 25965)
Jordan S. Liew, Esq. (Federal Bar No. 20509)
HOFFMAN EMPLOYMENT LAW, LLC
600 Jefferson Plaza, Ste. 204
Rockville, Maryland 20852
T:  (301) 251-3752
F.  (301) 251-3753 (fax)
hhoffman@hoholaw.com
jliew@hoholaw.com

*Counsel for Plaintiff*

## **Jury Demand**

The Plaintiff, by his attorneys, hereby demands a jury trial as to all issues triable by a jury.

                                                   */s/ Howard B. Hoffman*
                                                   Howard B. Hoffman