## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **THOMAS FOWLER** | |
| **Plaintiff,** | |
| **v.** | **Civil No. 1:21-cv-02430-JRR** |
| **TENTH PLANET, INC., ET AL.** | |
| **Defendants.** | |

## <u>MEMORANDUM OPINION</u>

This matter comes before the court on Defendants' Motion to Dismiss and/or for Other Relief as Spoliation Sanctions (ECF No. 23; the "Motion").  By order at ECF No. 24, the court referred the Motion to United States Magistrate Judge J. Mark Coulson in accordance with Local Rule 301.5 and pursuant to the authority granted by 28 U.S.C. § 636(b).  Judge Coulson issued a Report and Recommendation on March 29, 2023.  (ECF No. 29.)  Defendants filed timely objections to Judge Coulson's Report and Recommendation on April 12, 2023; Plaintiff responded to Defendants' objections on April 26, 2023.  (ECF Nos. 30 and 31, respectively.) The parties' submissions have been reviewed and no hearing is necessary.  Local Rule 105.6 (D. Md. 2021).

**Background**

Plaintiff sued Defendants Tenth Planet, Inc. (d/b/a Blacksmith Bar & Restaurant), and Justine Zegna (alleged owner of Tenth Planet, Inc.), for unpaid overtime wages and related relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, Maryland's Wage and Hour Law, MD. CODE ANN., LAB. & EMPL. §§ 3-401, *et seq.,* and the Maryland Wage Payment and Collection Law, MD. CODE ANN., LAB. & EMPL. §§ 3-501, *et seq.*  Plaintiff alleges he was

employed by Defendants as a restaurant worker from April 2019 through November 2020, and that Defendants failed to pay him overtime wages in accordance with the above-referenced statutes.

During the course of discovery, Defendants issued requests for Plaintiff to produce text messages between Plaintiff and Zegna.  As a result of the theft of Plaintiff's phone in the summer of 2022, Plaintiff was unable to produce text messages exchanged between him and Zegna during the period May 2019 to November 2019.  Defendants argue that Plaintiff's failure to do something more robust than rely on ordinary phone storage to preserve the missing messages demonstrates bad faith, materially prejudices Defendants' ability to defend this action, and, therefore, entitles them to dismissal of the action (or, alternatively, judgment in their favor) as a spoliation sanction under Federal Rule of Civil Procedure 37(e), which governs failure to preserve electronically stored information, including text messages. Plaintiff does not dispute that he and Zegna communicated by text during the subject period about general job-related subjects, but contends the messages are not relevant to this action.

Judge Coulson examined the criteria that must be satisfied to warrant Defendants' requested sanction under Rule 37(e):

> "To trigger Rule 37(e), four criteria must be met: (1) the party was under a duty to preserve the ESI at issue; (2) the ESI at issue was not preserved; (3) the loss of the ESI was due to the party's failure to take reasonable steps to preserve it; and (4) the ESI cannot be restored or replaced through additional discovery.  . . . If these four criteria are met, Rule 37(e) offers two alternative paths: The first avenue, Rule 37(e)(1), requires a court to make a finding of prejudice before sanctions may be warranted. The second avenue, Rule 37(e)(2), requires a court to make a finding that a party acted with the intent to deprive the opposing party of the ESI prior to imposing sanctions.  . . . The kind of prejudice sufficient to trigger Rule 37(e)(1) occurs 'when, as a result of the spoliation, the party claiming spoliation cannot present 'evidence essential to its underlying claim.' . . . To justify the more severe sanctions of Rule 37(e)(2), as Defendants seek here, the moving party must demonstrate that the failure to preserve was motivated by an intent to deprive the moving party of the use of the information in the litigation.  . . . Negligent or even grossly negligent behavior will not suffice.  . . . The burden of proof is on the party

seeking sanctions, and the standard of proof in the Fourth Circuit appears to be 'clear and convincing' evidence where, as here, relatively harsh sanctions are sought."

(ECF No. 29 at 3-5, citations omitted.)

Judge Coulson found that all four 37(e) criteria were met (*Id.* at 6), but that Defendants did not carry their "burden of showing prejudice of a type sufficient to warrant any discovery sanction" because "the missing text messages are not the only potential evidence on this issue." On that basis, Judge Coulson, explained, "the Court cannot conclude that [the missing messages] are 'essential to [a party's] claim.'" (*Id.* at 10; citations omitted.)  Importantly, Judge Coulson also found that Defendants failed to prove by clear and convincing evidence the requisite "intent to deprive" essential to justify imposition of their requested relief; and although Plaintiff may have been negligent, negligence is insufficient to justify a spoliation sanction.  (*Id*.)  Following his examination of the evidence and analysis based on the applicable law, Judge Coulson concluded that sanctions are not appropriate (in any form), and recommended that this court deny the Motion and handle the issue of the missing messages "according to the usual rules of evidence."  (ECF No. 29 at 10.)

Defendants object to Judge Coulson's conclusions "on the issues of prejudice and intent to deprive," and as to the ultimate recommendation against imposition of any Rule 37(e) sanction.  (ECF No. 30 at 2.)

**Standard of Review**

Defendants assert that Rule 72(b)(3) governs the court's review and disposition of their objections to the Report and Recommendation, because the Motion is a "dispositive motion." Plaintiff counters that Rule 72(a) governs, because the Motion is a discovery sanction motion, which – notwithstanding its requested dispositive relief – is not, as a matter of law, a "dispositive motion" because Judge Coulson recommends against imposition of a dispositive sanction.

Therefore, Plaintiff urges that the court shall review the Report and Recommendation for clear error, affording "'great deference to the judgment calls necessarily made by [Judge Coulson] in the course of resolving'" this discovery dispute.  (ECF No. 31 at 2; quoting *U.S. v. Performance Food Group, Inc.*, 2015 WL 2226252 at *1 (D. Md. Apr. 23, 2015), and citing *Huggins v. Prince George's Cnty.,* 750 F. Supp.2d 549, 559 (D. Md. 2010); *Buchanan v. Consolidated Stores Corp.,* 206 F.R.D. 123 (D. Md. 2002); *In re Subpoena of American Nurses Ass'n*, 2013 WL 5741242 (D. Md. Aug. 8, 2013); *Edwards v. DeBord*, 2021 WL 5827324 at *3 (W.D. Va. Dec. 8, 2021); *Interpreter Services, Inc. v. BTB Technologies, Inc.,* 2012 WL 984279 at *1 n.2 (D. S.D. Mar. 22, 2012); and *Gomez v. Martin Marietta Corp*., 50 F.3d 1511, 1520 (10th Cir. 1995).).

Plaintiff is correct.  On review of a Magistrate Judge's resolution of a Rule 37(e) motion, the standard is governed by the result the Magistrate Judge determines, in the exercise of his discretion, is the appropriate outcome – not the relief requested by the movant.  FED. R. CIV. P. 72(a); *Edwards v. DeBord*, 2021 WL 5827324 (W.D. Va. Dec. 8, 2021); *Interpreter Services, Inc. v. BTB Technologies, Inc.,* 2012 WL 984279 (D. S.D. Mar. 22, 2012); and *Gomez v. Martin Marietta Corp*., 50 F.3d 1511 (10th Cir. 1995.  Therefore, because Judge Coulson concluded that sanctions are not appropriate, the court will proceed under Rule 72(a).[1]

**Objections**

**1.     Intent**

Defendants assert that Judge Coulson erred in concluding on the record before him "that Defendants have not carried their burden of showing an 'intent to deprive' by clear and convincing evidence . . . ."  (ECF No. 29 at 10.)  Defendants argue that Judge Coulson's

---

[1] The court's Order of Reference of the Motion to a magistrate judge requested a "Report and Recommendation re ECF 23 Motion for Sanctions of Dismissal."  (ECF No. 24.)  Had the court not requested a Report and Recommendation in favor of a more generalized reference of pretrial/discovery disputes for ruling, Judge Coulson would have issued an order ruling on the Motion (instead of recommending the undersigned deny it), and Defendants could have filed objections as described in Rule 72(a).  FED. R. CIV. P. 72(a).

conclusion is "contrary to *Ungar* and *Ottoson*," out of the Eastern and Southern Districts of New York, respectively.[2]   (ECF No. 30 at ¶ 6.)  As recognized by *Ungar v. City of New York*, a court "has substantial leeway to determine intent through consideration of circumstantial evidence, witness credibility, motives . . . and other factors."   329 F.R.D. 8, 13 (E.D.N.Y. 2018). Defendants urge that the following considerations, taken together, "support[] a finding" of intent. (ECF No. 30 at ¶ 16.)

### Conduct of Counsel

Defendants describe what they characterize as Plaintiff's counsel's "overtly aggressive and accusatory" conduct during pretrial discovery relating to text messages, asserting that Plaintiff's counsel's "accusing Defendants of bad faith in discovery" is "strong evidence of Plaintiff's conscious dereliction of a known duty."  (ECF 30 at ¶¶ 7-8.)

### Litigation Experience

Relying again on *Ungar,* Defendants also aver that "it is important to note that Plaintiff is familiar with the litigation process, having previously brought a separate legal action through the same attorneys" and urge that because Plaintiff is "no stranger to litigation . . . the only reasonable conclusion . . . is that Plaintiff and his counsel knew they had a duty to preserve the text messages but consciously chose not to do so.  That is enough to prove intent."  *Id*. ¶ 9.

### Timing

Defendants urge that the "prolonged time period" between institution of this action and the loss of the messages is "further evidence" of intent.  *Id.*  ¶10.

---

[2] *Ungar v. City of New York,* 329 F.R.D. 8 (E.D.N.Y. 2018); *Ottoson v. SMBC Leasing & Fin., Inc.,* 286 F. Supp. 3d 570 (S.D.N.Y.  2017).

*Contradictory Statements*

Defendants contend that Judge Coulson "failed to weigh Plaintiff's contradictory statements about the text message" during the course of discovery, which Defendants argue "indicates" that Plaintiff deliberately concealed information and "provide[d] whatever answer [was] in Plaintiff's best interests at the time . . . ." *Id. ¶15.*

Defendants' objections do not persuade the court that Judge Coulson's conclusions and evaluation of the record are the product of clear error.  Judge Coulson expressly considered and incorporated into his analysis Plaintiff's counsel's emphasis on text messages during discovery (including juxtaposition of Plaintiff's counsel's complaints about Defendants' discovery responses with Plaintiff's failure to preserve "then-existing text messages"), Plaintiff's litigation experience, Plaintiff's representation by counsel, and the amount of time that passed between initiation of the action and the loss of the messages.  (ECF No. 29 at 7.)  Further, the court disagrees that Plaintiff's declaration offered in support of motions papers "blatantly contradicts" the written discovery passages Defendants cite in their objections, or that Plaintiff's cited discovery responses demonstrate (alone or when considered with the balance of the record) "a concerted effort to hide information" such that Judge Coulson was clearly erroneous in his conclusions regarding intent.  The court appreciates Defendants' view of the totality of circumstances differs from that of Judge Coulson, but Defendants have not carried their burden to demonstrate that Judge Coulson was clearly erroneous (or mistaken as to the law) in concluding that the record lacks clear and convincing evidence of Plaintiff's intent to deprive.  The court agrees with Judge Coulson.

2.     **Prejudice**

Defendants also object to the Report and Recommendation on the basis that they "established that their defense has been prejudiced by Plaintiff's failure to preserve the lost text messages." (ECF No. 3 ¶ 17.)  In support of this argument, Defendants rely on the basic premise (supported by long-standing, uncontroversial law) that prejudice is established when one party's spoliation of evidence impairs the other side's ability to present "essential" evidence, and that the concept of prejudice is not fixed, but rather "'can range along a continuum.'"  *Id.* citing *Victor Stanley, Inc. v. Creative Pipe, Inc.,* 269 F.R.D. 497, 532 (D. Md. 2010).

Specifically, Defendants complain that Judge Coulson did not conduct an evidentiary hearing to evaluate the prejudice prong of the Rule 37(e) analysis, and that the Report and Recommendation "does not take into account" that prejudice (per *Victor Stanley, supra*) "is viewed on a continuum" rather than as a "zero sum game."  Plaintiffs urge that the lost text messages are "'unique and relevant evidence' that is a 'truth serum' to Plaintiff's shifting narrative . . . ." and that the availability of the live testimony of Plaintiff's restaurant co-workers will not cure the prejudice because "[t]hese witnesses cannot be expected to remember."  (ECF No. 30 ¶¶ 18, 23-24, quoting *Jenkins v. Woody,* Case No. 3:15-cv-355, 2017 WL 362475, *15-18 (D. Md. Jan 21, 2017).)

The Report and Recommendation makes clear that Judge Coulson well appreciates the "continuum" nature of prejudice.  Judge Coulson resolved that, although the missing text message are relevant (as they would likely tend to aid in demonstrating whether Plaintiff was hired as a line cook or kitchen manager), and their absence poses some measure of prejudice, based on the record evidence before him, Defendants had not carried their burden to demonstrate that the prejudice warranted any sanction at all (noting that any sanction imposed must be no

greater than is necessary to cure the ill).  Judge Coulson explained the foundation for his conclusion in detail: the record evidence is mixed as to the position for which Plaintiff was initially hired, and, "importantly, the evidence as to whether the missing text messages would have supported Defendants or Plaintiff is mixed."  Critically, Judge Coulson found that "both sides concede[] the missing text messages are not the only potential evidence."  Therefore, he logically concluded that the missing messages are therefore not "essential."  (ECF No. 29 at 9-10.)  The mixed weight of the evidence on its face and Defendants' concession to which Judge Coulson refers is rather at odds with Defendants' present contention that the missing text messages are equivalent to a "unique" "truth serum" essential to Defendants' case.

Defendants assert that the Report and Recommendation is the product of an inadequate process: "Notably, this finding [regarding prejudice] is typically made after holding an evidentiary hearing, which the Magistrate Judge here did not conduct." (ECF No. 30 ¶ 17.) Defendants fail to identify what evidence *other* than the exhibits appended to the parties' motions papers Defendants were denied the opportunity to present, or how such evidence might have made a difference in Judge Coulson's analysis.  Further, the case on which Defendants rely for this proposition merely acknowledges that "[o]ften, collecting this evidence will require a hearing."  *Shackleford v. Vivint Solar Dev., LLC*, Case No. ELH-19-954, 2020 WL 3488913 (D. Md. June 25, 2020).

**Conclusion**

For the reasons set forth above, the court finds that Defendants have not carried their burden to demonstrate that Judge Coulson's proposed ruling that the Motion be denied is clearly erroneous or contrary to law. The court accepts and adopts in its entirety the Report and Recommendation. Therefore, the Motion will be denied by accompanying order.


May 19, 2023

/S/
_____
Julie R. Rubin
United States District Judge