IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **THOMAS FOWLER,** | |
| *Plaintiff*, | |
| v. | Civil No.: 1:21-cv-02430-JRR |
| **TENTH PLANET, INC.,** *et al.*, | |
| *Defendants*. | |

**MEMORANDUM OPINION**

This matter comes before the court on Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 73; the "Motion"), Magistrate Judge Coulson's Report & Recommendation regarding same (ECF No. 79; the "Report & Recommendation"), the parties' respective objections (ECF No. 80; "Plaintiff's Objections"; and ECF No. 81; "Defendants' Objections"), and Plaintiff's First Supplemental Motion for Attorneys' Fees and Costs (ECF No. 84; the "Supplemental Motion"). The court has reviewed all submissions; no hearing is necessary.  Local Rule 105.6 (D. Md. 2023). For the reasons set forth herein, Plaintiff's and Defendants' Objections will be overruled, the Report & Recommendation will be adopted in full, and the Motion and Supplemental Motion will both be granted in part and denied in part.

**I.  BACKGROUND**

The court adopts and incorporates herein the relevant background set forth in Judge Coulson's Report & Recommendation. Briefly, on September 22, 2021, Plaintiff initiated this action against Defendants, alleging they failed to pay him certain overtime wages in violation of the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"). (ECF No. 1.) Following the completion of discovery, and prior to trial, the parties reached settlement, which this court

approved. (ECF Nos. 70, 71.) Pursuant to the court's subsequent order at ECF No. 72, Plaintiff filed the instant Motion, which the court referred to Judge Coulson for Report & Recommendation. Judge Coulson subsequently filed his Report & Recommendation, after which the parties filed their Objections (and responses to same). Plaintiff then filed his Supplemental Motion seeking attorneys' fees and costs for time spent responding to and opposing Defendants' Objections. (ECF No. 84 at p. 1.)

## II.  LEGAL STANDARD

Pursuant to the Federal Magistrates Act, a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations" on dispositive motions. 28 U.S.C. § 636(b)(1)(B); *see* FED. R. CIV. P. 72(b). "Requests for attorneys' fees are . . . treated as dispositive motions for purposes of referral to a magistrate judge." *Clancy v. Skyline Grill, LLC*, No. CIV.A. ELH-12-1598, 2013 WL 625344, at *2 (D. Md. Feb. 19, 2013); *see* FED. R. CIV. P. 54(d)(2)(D) ("[T]he court . . . may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter.").

In response, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). The district judge must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (same); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). *See also Salinas v. Com. Interiors, Inc.*, No.

CV PWG-12-1973, 2018 WL 3912857, at *1 (D. Md. Aug. 16, 2018) (reviewing *de novo* objections to portions of the report and recommendation on a motion for attorneys' fees and costs); *Client Network Servs., Inc. v. Smith*, No. CV PWG-15-2207, 2018 WL 4019767, at *1 (D. Md. Aug. 23, 2018) (same). Otherwise, the court may adopt, without explanation, any of the magistrate judge's recommendations to which no objections are filed. *Salinas*, 2018 WL 3912857, at *1 (citing *Solis v. Malkani*, 638 F.3d 269, 274 (4th Cir. 2011)). The undersigned thus reviews de novo the parties' specific objections to Judge Coulson's Report & Recommendation.

### III. ANALYSIS

As Judge Coulson noted in his Report & Recommendation, prevailing parties in FLSA and MWHL actions are entitled to an award of reasonable attorneys' fees and costs; and, under Maryland law, prevailing parties in an MWPCL action may be awarded reasonable attorneys' fees and costs. (ECF No. 79 at p. 2–3). *See Randolph v. Powercomm Constr., Inc.*, 715 F. App'x 227, 230 (4th Cir. 2017); 29 U.S.C. § 216(b); MD. CODE ANN., LAB. & EMPL. §§ 3-427(d)(1)(iii), 3-507.2(b).

The court employs a three-step process to calculate a proper award of attorneys' fees. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013), *as amended* (Jan. 23, 2014). "First, the court must 'determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.'" *Id.* (citing *Robinson v. Equifax Info. Servs., LLC,* 560 F.3d 235, 243 (4th Cir.2009)). At the next step, "the court must 'subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" *Id.* (quoting *Robinson,* 560 F.3d at 244). "Finally, the court should award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" *Id.* (quoting *Robinson,* 560 F.3d at 244).

3

"An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 412 (D. Md. 2014) (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). The rates outlined in Appendix B to this Court's Local Rules are presumptively reasonable. *See id.* (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000)); *see Carrera v. EMD Sales, Inc.*, No. CV JKB-17-3066, 2021 WL 3856287, at *4 (D. Md. Aug. 27, 2021) (same). "In addition to the guidelines, courts may also look to 'affidavits of lawyers in the [relevant] legal community attesting to the customary rates charged for [similar matters].'" *Carranza v. Ramirez*, No. PWG 20-CV-2687, 2022 WL 4080310, at *4 (D. Md. Sept. 6, 2022) (quoting *Client Network Servs., Inc.*, 2018 WL 4019767, at *2). "[T]he community in which the court sits is the first place to look to in evaluating the prevailing market rate." *Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008) (quoting *Rum Creek Coal Sales, Inc. v. Caperton,* 31 F.3d 169, 179 (4th Cir. 1994)).

The court "appl[ies] the *Johnson/Barber* factors when making its lodestar determination" of the reasonableness of the requested fee award. *Id.* at 320–21 (citing *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 (4th Cir. 1978); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974)). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

4

*Barber,* 577 F.2d at 226 n.28; *see In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Pracs. & Prods. Liab. Litig.*, 27 F.4th 291, 303 n.7 (4th Cir. 2022) (same). "While the *Johnson* factors assist a court in calculating a reasonable fee award, a district court need not 'consider all twelve *Johnson* factors.'" *Reyazuddin v. Montgomery Cnty., Maryland*, No. CV DKC 11-951, 2022 WL 4608331, at *10 (D. Md. Sept. 30, 2022) (quoting *Martin v. Mecklenburg County*, 151 F. App'x. 275, 283 (4th Cir. 2005)).

### A.  Plaintiff's Objection to the Report & Recommendation

The court turns first to Plaintiff's singular objection. In his Report & Recommendation, Judge Coulson relied upon Supreme Court precedent and the text of the FLSA at 29 U.S.C. § 216(b) in concluding that the FLSA (and related Maryland laws at issue) do not provide statutory authorization for an award of expert witness fees. (ECF No. 79 at p. 27–28.) He therefore recommended that the court not award such costs here. Plaintiff argues that Judge Coulson's recommendation is contrary to Fourth Circuit controlling precedent. (ECF No. 80 at p. 1.)

Plaintiff's objection is without merit. The Fourth Circuit caselaw on which Plaintiff relies does not compel the conclusion he asserts. Plaintiff relies upon two Fourth Circuit decisions that concern awards of fees in 42 U.S.C. § 1988 cases, a fee-shifting statute, with a standard that, Plaintiff contends, is the same standard applicable to FLSA actions. (ECF No. 80 at p. 3 n.2.) First, in *Daly v. Hill*, the Fourth Circuit recognized a difference in scope of costs taxable under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920 and under § 1988, which is premised on the concept of fee-shifting. 790 F.2d 1071, 1083–1084 (4th Cir. 1986). Relatedly, in *Spell v. McDaniel*, the Fourth Circuit recognized that "[a] prevailing plaintiff in a civil rights action is entitled, under § 1988, to recover those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell*

*v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988) (citations omitted). Contrary to Plaintiff's assertion, these cases do not stand for the principle that expert witness fees are specifically recoverable under § 1988 (based upon its language at the time) and, in turn, the FLSA.[1] In any event, in 1991, the Supreme Court held in *West Virginia Univ. Hospitals, Inc. v. Casey* that the statutory language of § 1988 at that time (and at the time of *Daly* and *Spell*), which provided for an award of "a reasonable attorney's fee as part of the costs," "convey[ed] no authority to shift expert fees." 499 U.S. 83, 102 (1991). Accordingly, Supreme Court precedent undercuts Plaintiff's contention.[2]

More broadly, Plaintiff's objection ignores the Supreme Court precedent upon which Judge Coulson relied. The Supreme Court has explained that, even with fee-shifting statutes like 42 U.S.C. § 1988 (prior to amendment) and the Individuals with Disabilities Education Act, "no statute will be construed as authorizing the taxation of witness fees as costs unless the statute 'refer[s] explicitly to witness fees.'" *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301 (2006) (citation omitted); *see Rimini St., Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 340 (2019) (explaining that "[o]ur cases, in sum, establish a clear rule: A statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in §§ 1821 and 1920, absent an explicit statutory instruction to that effect"); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (holding that "absent explicit statutory or contractual

---

[1] The court construes Plaintiff's argument that the same standards apply to § 1988 and FLSA claims to refer to the standard applicable to § 1988 claims at the time of *Daly* and *Spell*. Importantly, following those decisions, § 1988 was amended by the Civil Rights Act of 1991. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 251 (1994) (explaining that Section 113 of the Civil Rights Act of 1991 "responds to *West Virginia Univ. Hospitals, Inc. v. Casey*, . . . by providing that an award of attorney's fees may include expert fees."). Accordingly, while § 1988 now explicitly authorizes expert fees as part of the attorney's fee, *see* 42 U.S.C. § 1988(c), its previous language referred only to "a reasonable attorney's fee as part of the costs." *W. Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 85 n.1 (1991).

[2] While subsequent amendment to § 1988 addresses the Court's holding in *Casey*, *see Landgraf v. USI Film Prods.*, 511 U.S. 244, 251 (1994), the *Casey* analysis is still instructive. *See Rimini St., Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 340 (2019) (discussing *Casey*); *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301 (2006) (same).

authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920"). Relying upon its *Casey* decision, the Court further explained:

> Our decision in *Casey* confirms even more dramatically that the IDEA does not authorize an award of expert fees. In *Casey,* as noted above, we interpreted a fee-shifting provision, 42 U.S.C. § 1988, the relevant wording of which was virtually identical to the wording of 20 U.S.C. § 1415(i)(3)(B). . . . We held that § 1988 did not empower a district court to award expert fees to a prevailing party. *Casey, supra,* at 102, 111 S.Ct. 1138. To decide in favor of respondents here, we would have to interpret the virtually identical language in 20 U.S.C. § 1415 as having exactly the opposite meaning. Indeed, we would have to go further and hold that the relevant language in the IDEA *unambiguously means* exactly the opposite of what the nearly identical language in 42 U.S.C. § 1988 was held to mean in *Casey*.

*Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301–302 (2006) (emphasis in original). This approach is similarly consistent with the approach of other circuits.[3] *See Gortat v. Capala Bros., Inc.*, 795 F.3d 292, 294 (2d Cir. 2015) (holding that "because § 216(b) does not explicitly authorize awards reimbursing plaintiffs for expert fees, the district court erred in granting such an award pursuant to this provision."); *Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 405 (5th Cir. 2002) (observing that "[t]here is no express statutory authority in the ADEA or the FLSA to award expert witness fees for other than court-appointed expert witnesses"); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 411 (7th Cir. 1999) (holding that a party's non-testifying expert's fees were not recoverable under 29 U.S.C. § 216(b)); *see also Gray v. Phillips Petroleum Co.,* 971 F.2d

---

[3] The court acknowledges that this court has awarded expert witness fees in an FLSA action. *See Butler v. Directsat USA, LLC*, No. CV DKC 10-2747, 2016 WL 1077158, at *7 (D. Md. Mar. 18, 2016) (noting that expert fees were separate from attorneys' fees but awarding such fees where the defendant did not present argument that they were not recoverable as litigation costs). As Judge Coulson noted, however, that determination is not persuasive here in view of the Supreme Court precedent and decisions of other circuits. (ECF No. 79 at p. 29 n.7.)

591, 593–95 (10th Cir. 1992); *Glenn v. Gen. Motors Corp.,* 841 F.2d 1567, 1573–76 (11th Cir. 1988).

In particular, the Second Circuit's opinion in *Gortat* is persuasive:

> The Supreme Court has made clear on multiple occasions that, absent explicit statutory authorization, a district court may not award reimbursement for expert fees beyond the allowances authorized by 28 U.S.C. § 1920, as limited by 28 U.S.C. § 1821. *See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy,* 548 U.S. 291, 301, 126 S.Ct. 2455, 165 L.Ed.2d 526 (2006) ("[N]o statute will be construed as authorizing the taxation of witness fees as costs unless the statute refers explicitly to witness fees." (internal quotation marks and brackets omitted)); *W. Va. Univ. Hosps., Inc. v. Casey,* 499 U.S. 83, 86, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991) (witness fees authorized by § 1920 as limited by 28 U.S.C. § 1821 "define the full extent of a federal court's power to shift litigation costs absent express statutory authority to go further"); *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) ("[A]bsent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920."). Unlike other statutory provisions explicitly authorizing such reimbursement, 29 U.S.C. § 216(b) of the FLSA does not expressly address awards reimbursing prevailing plaintiffs for expert fees. *See, e.g.,* 15 U.S.C. §§ 2618(d), 2619(c)(2) (providing that a court may award the "costs of suit and reasonable fees for attorneys *and expert witnesses*" (emphasis added)); 15 U.S.C. § 2060(c) ("A court may in the interest of justice include in such relief an award of the costs of suit, including . . . reasonable expert witnesses' fees."); 42 U.S.C. § 1988(c) ("In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court . . . may include expert fees . . . ."). In particular, § 216(b's reference to "costs" does not constitute explicit statutory authorization to award expert fees. In *Arlington,* the Supreme Court stated that the word "'costs' is a term of art that generally *does not* include expert fees." 548 U.S. at 297, 126 S.Ct. 2455 (emphasis added; internal quotation marks omitted). In the context of a fee provision contained in the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B), that likewise referred to "costs," the Supreme Court stated that "[t]he use of this term of art, rather than a term such as 'expenses,' strongly suggests that § 1415(i)(3)(B) was not meant to be an open-ended provision . . . .

8

> *Arlington's* reasoning is applicable here. Because 29 U.S.C. § 216(b) of the FLSA does not explicitly authorize courts to award reimbursement for expert fees, it does not permit a court to award such fees beyond the allowances recoverable pursuant to 28 U.S.C. § 1920 as limited by 28 U.S.C. § 1821.

*Gortat v. Capala Bros.*, 795 F.3d 292, 296–97 (2d Cir. 2015).

For these reasons, on its *de novo* review, the court agrees with Judge Coulson. His analysis and conclusion were entirely correct, and the court accepts both. Plaintiff's objection is overruled.

**B. Defendants' Objections to the Report & Recommendation**

*1. Step One Objections*

a. <u>Defendants' Objection to Mr. Liew's Hourly Rate</u>

Defendants first object to Judge Coulson's recommendation to award Mr. Liew an hourly rate of $300 for his efforts after December 14, 2021. Judge Coulson reasoned that an award at the top of the guideline range in Appendix B was appropriate for Mr. Liew where he was principally responsible for all aspects of the case. (ECF No. 79 at pp. 5–7.) Defendants aver that an award of $300 per hour "imbues Mr. Liew with experience he did not have at the time the work was completed (and still has not quite reached)." (ECF No. 81 ¶ 17.)

Defendants' objection is not persuasive. As Judge Coulson's Report & Recommendation explained, the Appendix B guideline for a lawyer admitted for five to eight years is $165 to $300 per hour. Local Rules App. B (D. Md. 2023.) Thus, as Mr. Liew was admitted to practice law on December 14, 2016, the presumptively reasonable rate for his services from, relevant here, December 15, 2021 through the present is $165 to $300 per hour. *See id.* The undersigned finds that an award of $300 per hour, which is within the Appendix B guidelines, is reasonable for work performed after December 14, 2021, based upon Mr. Liew's actions and responsibilities throughout this case. (ECF No. 79 at p. 6; ECF No. 73 at 10–11.)

Defendants' objection focuses on two cases Judge Coulson purportedly relied upon in reaching his recommendation; however, notably, Judge Coulson referred to both such cases in determining that an upward variance from the guidelines for Mr. Liew was not warranted.[4] (ECF No. 79 at p. 6–7; ECF No. 81 ¶¶ 20–22.) In short, Judge Coulson's consideration of these cases did not form the basis of his recommendation to award Mr. Liew a rate at the high end of the Appendix B guidelines. (ECF No. 79 at p. 6–7.)

Accordingly, on its *de novo* review, the court agrees with Judge Coulson's analysis and conclusion, and accepts same. Defendants' objection is overruled.[5]

      b. Defendants' Objections to Hours Expended[6]

Defendants further object to Judge Coulson's recommendations regarding the reasonable hours expended by Plaintiff's counsel. The court addresses each objection by subject area below.

          i. Discovery

Defendants reiterate their argument that Plaintiff's counsel's 20.3 hours spent responding to interrogatories and requests for production of documents, as well as 5.8 hours responding to requests for admission was not reasonable "given the general lack of detail included in the responses, the small volume of documents produced, and the admitted lack of knowledge to respond to requests for admissions." (ECF No. 81 ¶ 42.) The court disagrees.

---

[4] This court does not construe Judge Coulson to recommend an hourly rate of $300.00 for Mr. Liew to account for inflation. Judge Coulson addressed Plaintiff's counsel's argument for inflation in declining to award Mr. Liew an hourly rate above the Appendix B guidelines. (ECF No. 79 at p. 5–7.)

[5] Defendants contend that the court's opinion in *Carrera v. EMD Sales, Inc.*, No. CV JKB-17-3066, 2021 WL 3856287, at *5 (D. Md. Aug. 27, 2021), is "more persuasive." (ECF No. 81 at ¶ 23.) The court does not agree that *Carrera* supports the conclusion that a rate of $300 per hour for Mr. Liew is unreasonable. The court's analysis there turned on its conclusion that "deviation from the Appendix B rates [was] inappropriate." *Carrera*, 2021 WL 3856287, at *5. While the court ultimately decreased the rate for the attorney with five years of experience, the opinion does not address the court's reasoning as to that specific conclusion. Here, the record supports the conclusion that Mr. Liew was principally responsible for all aspects of the case; this is a material distinction from *Carrera*.

[6] Defendants frame these objections as to the Magistrate Judge's Step Two analysis. (ECF No. 81 at p. 12.)

The court agrees with Judge Coulson that Plaintiff's answers and responses to Defendants' first set of interrogatories and requests for document production lacked neither detail nor substance. (ECF No. 79 at p. 13; ECF No. 74-12.) Moreover, the fact that Plaintiff's counsel did not have sufficient information to answer every one of Defendants' thirty (30) requests for admission does not persuade the court that the 5.8 hours spent responding to those requests was unreasonable. *See* ECF No. 74-22. Having reviewed the record *de novo,* the court finds Judge Coulson's analysis and conclusion entirely correct; and therefore the court accepts same. Defendants' objection is overruled.

Defendants also reiterate their argument that Plaintiff's counsel's 47.7 hours spent reviewing discovery documents is excessive because this was a simple, straightforward case. (ECF No. 81 ¶ 42.) Specifically, Defendants seek a reduction of those hours by 40% (19.1 hours) as opposed to the 15% reduction Judge Coulson recommended. *Id.*; *see* ECF No. 79 at p. 13–14. The court has reviewed the record on this *de novo* and concludes that a 15% reduction to Plaintiff's counsel's hours is reasonable. This was not a particularly voluminous case and, by Plaintiff's admission, the case did not raise novel questions. (ECF No. 79 at p. 13–14.) The court further concludes that a greater reduction is inappropriate.

Following its *de novo* review of this issue, the court accepts Judge Coulson's analysis and conclusion. Defendants' objection is overruled.

Defendants next object that Plaintiff's counsel's 6.5 hours spent on two motions to compel was not reasonable and that Judge Coulson "misunderst[ood] the timeline surrounding those hours." (ECF No. 81 ¶¶ 41, 43.) Defendants aver that Plaintiff's counsel's decision to draft the motions to compel was not reasonable because Plaintiff's counsel "did not characterize the dispute as being particularly urgent," and because Defendants' counsel responded that they were "working

on [the] requests," and "[would] be back in touch when [they had] supplements." *Id.* ¶ 43. Plaintiffs' counsel therefore "should have" been under the impression that Defendants would not challenge the asserted deficiencies. *Id.*

The court disagrees with Defendants. Plaintiff's counsel's election to draft the motions to compel pursuant to Local Rule 104.8(b) was not unreasonable. Defense counsel's response was not clear; and, as Defendants observe, the motions to compel included matters not reflected in the email correspondence; in other words, the parties' discovery disputes were not cabined by the email correspondence presented. (ECF No. 74 at p. 4.) For the same reasons, the court concludes that Mr. Liew's time spent on the motions to compel is consistent with a fee award at the high end of the Appendix B guidelines. (ECF No. 81 ¶ 44.)

Accordingly, on its *de novo* review, the court accepts Judge Coulson's analysis and conclusion. Defendants' objection is overruled.

    ii. *Motions Practice*

Defendants challenge the hours Plaintiff's counsel spent in relation to Defendants' motion seeking dismissal or other sanction for spoliation, specifically Plaintiff's failure to preserve relevant text messages. (ECF No. 74 at p. 17.) Judge Coulson declined to strike all such hours and instead reduced Plaintiff's counsel's hours on response to the motion by 25% (as excessive). (ECF No. 79 at p. 16–17.) Defendants aver that "[n]one of the time Plaintiff's Counsel billed in connection with opposing the spoliation motion . . . is compensable." (ECF No. 81 ¶ 45.) The essence of Defendants' objection is that Plaintiff's counsel should not be awarded attorneys' fees where their own errors increase the fees. *Id.* ¶ 48.

As Judge Coulson noted, and this court agrees is relevant, this court previously denied Defendants' spoliation motion based upon Judge Coulson's finding that Defendants had not

carried their burden to show by clear and convincing evidence an "intent to deprive." (ECF No. 32.) Further, the court is not persuaded by the caselaw relied upon by Defendants where courts declined to award fees for errors committed by counsel related to billing and preparation of the fee petition (including in a motion for settlement approval). *See, e.g., Padgett v. Loventhal*, No. 5:04-CV-03946-EJD, 2019 WL 2491957, at *5 (N.D. Cal. June 14, 2019), *aff'd,* No. 19-16383, 2021 WL 4804958 (9th Cir. Oct. 14, 2021) (noting that "it would not be fair to charge Defendant Wright for the attorney's fees incurred because of Plaintiff's own error" where the "substantial fees-on-fees" "was premised on the fact that Plaintiff failed to submit the required documentation" of certain fees previously); *Mehta v. IQLogg, Inc.*, No. 19-61823-CIV, 2019 WL 13260464, at *1 (S.D. Fla. Oct. 11, 2019) ("The Court will not award attorneys' fees for counsel's correction of errors he himself made in the filing of the initial motion because those fees would be 'excessive and redundant.'"). The same is true of the cited case from this court upon which Defendants rely—the deduction there was caused by counsel's billing error. *See Nelson v. A & H Motors, Inc.*, No. CIV. JKS 12-2288, 2013 WL 388991, at *3 (D. Md. Jan. 30, 2013).

In sum, on its *de novo* review, the court finds those cases unpersuasive and inapposite. The court disagrees that these cases support the conclusion that any fees billed in relation to the spoliation motion (regarding Plaintiff's failure to preserve relevant text messages) are unrecoverable. Here, the asserted "error" was based on the act or omission of the party, not opposing counsel's failure, for example, to prepare a filing, which is at issue in the authority upon which Defendants rely.

Accordingly, on its *de novo* review, the court accepts Judge Coulson's analysis and conclusion. Defendants' objection is overruled.

13

### iii. *ADR/Settlement Efforts and Trial Preparation*

Defendants also object to Judge Coulson's recommendation not to consider the parties' ADR/settlement efforts in determining the reasonableness of Plaintiff's counsel's fee award. (ECF No. 81 ¶¶ 31–40.) Defendants argue that Judge Coulson should have reduced the asserted hours spent on ADR and settlement from 17.4 hours to 3 hours. *Id.* ¶ 40. They urge that Defendants' opposition "makes plain [that] Plaintiff's counsel churned this case at its inception and at various times throughout the litigation to generate fees in lieu of reasonable settlement negotiations." *Id.* ¶ 34. Curiously, Defendants object to Judge Coulson's decision not to reduce the 17.4 hours for ADR/settlement efforts, but made no such specific challenge to those hours in their opposition to the Motion with the exception of raising it briefly in the context of the reasonableness of trial preparation hours. (ECF No. 74 at pp. 6-7, 15–19.) Indeed, as Judge Coulson noted: "Defendants do not specifically argue that any particular ADR/settlement billing entries are unreasonable. However, Defendants express disdain with Plaintiff's counsels' settlement efforts in the introductory pages of their opposition." (ECF No. 79 at p. 9.)

In any event, Defendants acknowledge the court has discretion as to whether to include settlement negotiations in determining an award of attorneys' fees, but they contend such discretion was inappropriately exercised here. Defendants first argue that Judge Coulson improperly relied upon Local Rule 607.4 in deciding not to consider the parties' settlement negotiations; specifically, they argue that Local Rule 607.4 is inapplicable because it concerns only the court's ADR process. (ECF No. 81 ¶¶ 30–32.) But Judge Coulson referred to the rule to explain the court's general hesitancy to consider settlement negotiations in determining the reasonableness of fees. (ECF No. 79 at p. 10.) While the Local Rule relates to the court's ADR process, it reflects the policy that "courts must be conscious of the fact that a broad ranging inquiry

14

into the parties' settlement positions would potentially conflict with the strong admonition given to all parties during every mediation that they, as well as the [c]ourt, must ensure that the substance of settlement negotiations remains confidential." *See Ramnarine v. Rainbow Child Development Center, Inc.*, No. 17-CV-02261, 2022 WL 16709764, at *8 (D. Md. Nov. 4, 2022), *report and recommendation adopted,* No. DKC-17-2261, 2023 WL 1416031 (D. Md. Jan. 31, 2023). Judge Coulson properly referred to the Local Rule in recognition of this general policy; it was not the bedrock of his conclusion.

Defendants further contend that they invoked circumstances that support consideration of settlement negotiations. In *Ramnarine v. Rainbow Child Development Center, Inc.*, this court explained:

> [C]ourts have approved consideration of a parties' settlement position during a determination of fees in a few limited circumstances, where: 1) the complaint was silent as to the total amount of damages sought, thus reference to settlement was necessary to determine the amount of damages the plaintiff originally sought, *Thomas v. Flanagan*, No. WDQ-13-0685, 2016 WL 258633, at *6 (D. Md. Jan. 20, 2016); 2) it is apparent the plaintiff failed to seriously engage in settlement negotiations, *McAfee*, 738 F.3d at 90-91; 3) the parties' conduct, along with other evidence demonstrated counsel refused to settle the case so that they could generate additional fees, *see Vocca v. Playboy Hotel of Chicago, Inc.*, 686 F.2d 605, 608 (7th Cir. 1982) ("Counsel's refusal to settle the case earlier for an amount only slightly less than the amount ultimately agreed upon, accompanied by his statement that [defendant] could afford to pay more, provide sufficient support for the district court's conclusion that he had unreasonably prolonged the litigation.").

2022 WL 16709764, at *8 (footnote omitted). Defendants assert that they properly invoked the second and third circumstances, because they made settlement offers on multiple occasions, Plaintiff refused to counteroffer, and Plaintiff refused Defendants' efforts to avoid further costs following the parties' May 2024 settlement in principle. (ECF No. 81 ¶ 35.)

The *Ramnarine* circumstances are not compelling here and do not persuade the court to reduce Plaintiff's counsel's fee award to account for settlement efforts. (ECF No. 79 at p. 10.) Plaintiff's counsel's decisions not to make a counteroffer or engage in early settlement negotiations do not persuade the court that counsel churned the case or otherwise acted to generate fees, or that they failed to engage in settlement negotiations in good faith. This conclusion is further supported by Plaintiff's exhibits demonstrating counsel's settlement efforts in September and October 2022, which Defendants flatly rejected: "Defendants are not interest in settlement" and ". . . I don't think there is any amount of money at this point that my clients would be willing to pay." (ECF No. 77-2.) These exhibits patently contradict Defendants' contention that it was only "after the spoliation motion was decided" that Plaintiff reached out regarding settlement "for the first time" in June 2023. (ECF No. 74 at p. 5.)

Similarly, the court agrees that the 8.9 hours spent on trial preparation after the parties agreed on a settlement amount on May 24, 2024, was not unreasonable. Defense counsel's email asserted that settlement was "contingent upon execution of a mutually agreeable settlement agreement with standard FLSA terms." (ECF No. 74-19.) In response, Plaintiff's counsel suggested an offer of judgment as a simple way to obviate a written agreement, and even proposed a draft. Plaintiff asserts that Defendants rejected this. *Id.*; ECF No. 77 at p. 10. The correspondence between counsel in the days following May 24 support the conclusion that counsel were of different minds as to whether settlement had been reached on May 24, 2024. (ECF No. 77-7.) In short, while the court takes no issue with Defendants' demand for a written agreement, the court finds utterly reasonable Plaintiff's counsel preparing for trial while also trying to bring the case to an out-of-court conclusion. This is what a careful lawyer does, especially where history has instructed that opposing counsel's relationship is entirely lacking in trust and courtesy.

Accordingly, on its *de novo* review of the record, the court accepts Judge Coulson's analysis and conclusion as correct. Defendants' objections are overruled.

### 2. *Step Three Objections*

Lastly, Defendants object to Judge Coulson's recommendation that, at step three, the lodestar figure be reduced by an additional 5% (as opposed to 35%) based on Plaintiff's degree of success. (ECF No. 81 ¶¶ 51–59.)

The final part in the three-part *McAfee* framework requires the court to "award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" *See McAfee*, 738 F.3d at 88, *supra*. "[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Doe v. Chao*, 435 F.3d 492, 506 (4th Cir. 2006) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). As the Fourth Circuit has explained:

> "[I]t can be challenging to put a number on success" given that "[t]here is no precise rule or formula to aid the court in determining just how successful a plaintiff may have been." [*Jones v. Southpeak Interactive Corp.*, 777 F.3d 658, 676 (4th Cir. 2015)] (internal quotation marks omitted). Nonetheless, in attempting to quantify success, the court "*must* compare the amount of damages sought to the amount awarded." *Mercer v. Duke Univ.*, 401 F.3d 199, 204 (4th Cir. 2005) (emphasis supplied). A difference between damages sought and recovered does not *automatically* require reduction. *See Nigh v. Koons Buick Pontiac GMC, Inc.*, 478 F.3d 183, 190 (4th Cir. 2007) ("[W]e do not reflexively reduce fee awards whenever damages fail to meet a plaintiff's expectations in proportion to the damages' shortfall.").

*Randolph v. PowerComm Constr., Inc.*, 780 F. App'x 16, 23 (4th Cir. 2019).

In making his recommendation, Judge Coulson referred to this court's decision in *Amaya v. Power Design, Inc.*, No. CV 14-00446-JMC, 2018 WL 690838, at *5 (D. Md. Feb. 2, 2018), which Defendants argue is not compelling here. Defendants do not appear to challenge the general principle in *Amaya* that, "when a case ultimately resolves by way of settlement, it is inappropriate

17

for a court to simply compare the damages set forth in the complaint with the amount of the settlement," or that resolving a case by settlement does not "immunize[] a plaintiff's fee request from further reduction for lack of success." *Amaya,* 2018 WL 690838, at *5. Instead, their challenge to Judge Coulson's reliance on *Amaya* is based on the hypothetical discussed in *Amaya,* which they urge is distinguishable from this. But the fact that the *Amaya* hypothetical is distinct from the circumstances here does not persuade the court that Judge Coulson's recommendation was in error or that a greater reduction for degree of success is warranted here.

On its *de novo* review of the record, the court finds that a modest 5% reduction, where Plaintiff settled for approximately two-thirds (or 65%) of his demand, is reasonable and appropriate to ensure Plaintiff's counsel does not benefit from a windfall. *Cf. Ramirez v. 316 Charles, LLC*, No. CV SAG-19-03252, 2021 WL 662185, at *7 (D. Md. Feb. 19, 2021) (concluding that a modest reduction of the lodestar amount of 5% was warranted where the plaintiff's overall recovery was about 54% of the amount original sought). For the same reasons the court has already addressed throughout this opinion, the court similarly finds Defendants' public interest argument to lack merit.

Accordingly, on its *de novo* review, the court accepts Judge Coulson's analysis and conclusion as correct. Defendants' objections are overruled.

## IV. SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES

As explained *supra*, Plaintiff filed his Supplemental Motion seeking attorneys' fees for time spent responding to and opposing Defendants' Objections. (ECF No. 84.) Defendants argue that Plaintiff's award of attorneys' fees and costs in the Supplemental Motion should be reduced. (ECF No. 86.) In addition to maintaining their challenge to Mr. Liew's hourly rate, Defendants argue that many of Plaintiff's counsel's hours were not reasonable, including time spent reviewing

pleadings in the case and the parties' communications, what the defense characterizes as excessive conferencing billed by both attorneys, and time related to argument not set forth in its Motion. (ECF No. 86 at p. 3–4.) Defendants also note that Plaintiff's Supplemental Motion seeks attorneys' fees for time spent responding to Defendants' Objections to the Report & Recommendation, and also seeks fees for tasks before Defendants' Objections had been filed. *Id.* at p. 3.

Consistent with the foregoing analysis, the court will award attorneys' fees and costs; however, the court finds 17 hours billed for responding to Defendants' Objections is not reasonable and a reduction is warranted for two reasons. First, as Plaintiff notes, Defendants' Objections largely reiterated arguments previously made and responded to by Plaintiff. *See* ECF No. 83 at p. 2 ("Defendants' Objection to the R&R recycles and rehashes the arguments they raised in their original Opposition, and which were rebutted by Plaintiff, and dismissed by Judge Coulson.") The 17 hours further includes multiple conferences between Mr. Liew and Mr. Hoffman. The court is not persuaded this was reasonable where Plaintiff's counsel was already aware of, and had responded to, many of Defendants' arguments. Moreover, despite Plaintiff's counsel's assertion that Mr. Liew was primarily responsible for all aspects of this case, Mr. Hoffman billed more hours responding to Defendants' Objections than he spent on the opening Motion brief (6.3 hours vs. 3.8 hours—which Judge Coulson further reduced by 1.1 hours).

For the foregoing reasons, the court will apply an across-the-board reduction of 30%, for a total of $4,349.93 ($4,341.75 in reasonable attorneys' fees and $8.18 in costs).

V.   **CONCLUSION**

For the reasons set forth herein, Plaintiff's and Defendants' Objections will be overruled, the Report & Recommendation will be accepted and adopted in full,[7] and the Motion and Supplemental Motion will both be granted in part and denied in part.[8]

January 28, 2025                                        /s/_____
                                                        Julie R. Rubin
                                                        United States District Judge

---

[7] In its order, the court will correct a minor mathematical error identified by Defendants. (ECF No. 81 at p. 26 n.6.; ECF No. 79 at p. 8.)

[8] Having reviewed the parties' papers and arguments, it is plain that the parties here have failed to heed the Supreme Court's guidance that "determination of fees 'should not result in a second major litigation.'" *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Consistent with this principle, the court declines to order the production of Defendants' billing records based on Plaintiff's argument in response to Defendants' Objections. (ECF No. 83 at p. 18–21.)